WILLIAM R. TAMAYO, #084965
JONATHAN T. PECK, #12303 (VA)
LINDA ORDONIO DIXON #172830
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657
Linda.Ordonio-Dixon@eeoc.gov

Attorneys for Plaintiff

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Jose Division

CV 11 3190

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
|---|---|
| Plaintiff, | Civil Rights – Employment Discrimination: Title VII of the Civil Rights Act and Age Discrimination in Employment Act of 1967 |
| v. | |
| GUARDSMARK, LLC, | |
| Defendant. | |

## NATURE OF THE ACTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, Title I of the Civil Rights Act of 1991 and the Age Discrimination in Employment Act of 1967, as amended, to correct unlawful employment practices on the basis of national origin, age and retaliation, and to provide appropriate relief to Inderpal Nayyar who was adversely affected by such practices. Defendant Guardsmark, LLC, subjected Mr. Nayyar to unlawful harassment based on his national origin, East Indian and age, 66, and unlawfully retaliated against him after he opposed the unlawful harassment.

COMPLAINT

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) (Title VII), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. and Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) (ADEA), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. §§216c and 217.

2. The unlawful employment practices alleged herein were committed in the State of California, in the County of Santa Clara. Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRADISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Jose Division of this Court as the violations alleged in the complaint took place in Santa Clara County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (hereinafter EEOC) is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and Section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

5. Defendant Guardsmark LLC (Defendant) is a Delaware Limited Liability Corporation, doing business in the State of California, in the County of Santa Clara, and has continuously had at least 20 employees.

COMPLAINT                                         2.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g), and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charging Party Inderpal Nayyar ("Nayyar") filed a charge with Plaintiff EEOC alleging violations of Title VII and the ADEA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least June of 2007, Defendant has engaged in unlawful practices of national origin and age discrimination in violation of Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) and Section 4(a), of the ADEA, 29 U.S.C. §623(a), by subjecting Mr. Nayyar to a hostile, abusive, intimidating and offensive work environment due to his national origin, East Indian, and because of his age, 66. The harassment to which Mr. Nayyar was subjected was frequent and pervasive, and included, but was not limited to, constant age-biased comments that he was "too old" "too slow" and "should retire." In addition, Mr. Nayyar was repeatedly ridiculed for wearing a turban and for having an accent. He was also subjected to numerous comments that Guardsmark should not employ (East) Indians. The discriminatory comments and conduct directed towards Mr. Nayyar were deeply offensive to him and would have been offensive to a reasonable person. Mr. Nayyar made repeated complaints to Defendant's managers opposing the harassment, but no corrective action was taken.

9. In addition to the above-referenced harassment of Mr. Nayyar, Defendant engaged in unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C. §2000e-3(a) and Section 4(d) of the ADEA, 29 U.S.C. § 623(d) by taking adverse employment actions against

COMPLAINT                                           3.

him, in retaliation for his opposition to and rejection of the national origin and age harassment referenced herein at paragraph 8.

10. The protected activity which forms the bases of Mr. Nayyar's retaliation claims includes, but is not limited to, his repeated complaints to Defendant's management concerning his harassment as referenced in paragraph 8 above. As a result of this protected activity, Mr. Nayyar was retaliated against with adverse actions which resulted in a reduction of work hours, an involuntary transfer and lost benefits.

11. The effect of the actions complained of in paragraphs 8 through 10 above has been to deprive Mr. Nayyar of equal employment opportunities and otherwise adversely affect his status as an employee because of his national origin and age.

12. The unlawful employment practices complained of in paragraph 8 through 10 above were intentional.

13. The unlawful employment practices complained of in paragraph 8 through 10 above were done with malice or with reckless indifference to the federally protected rights of Inderpal Nayyar.

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons acting in concert or participation with Defendant, from engaging in national origin or age harassment and/or retaliation discrimination against its employees.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit national origin and age harassment and retaliation, and which eradicate the effects of its unlawful employment practices.

//

//

COMPLAINT                                                                4.

C. Order Defendant to make whole Mr. Nayyar by providing appropriate back pay, an equal sum of liquidated damages, benefits, prejudgment interest and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in amounts to be determined at trial.

D. Order Defendant to make whole Mr. Nayyar by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E. Order Defendant to make whole Mr. Nayyar by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above including, but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Mr. Nayyar punitive damages for the malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court may deem just and proper in the public interest.

H. Award the EEOC its costs of this action.

//
//
//
//
//
//
//
//
//

COMPLAINT                                           5.

## DEMAND FOR JURY TRIAL

Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a jury trial.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Office of the General Counsel
Washington, DC 20507

Dated: June 10, 2011

WILLIAM R. TAMAYO
Regional Attorney

Dated: June 10, 2011

JONATHAN T. PECK
Supervisory Trial Attorney

Dated: June 10, 2011

LINDA ORDONIO DIXON
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
SAN FRANCISCO DISTRICT OFFICE

COMPLAINT                                                    6.