WILLIAM R. TAMAYO, #084965 (CA)
JONATHAN T. PECK, #12303 (VA)
LINDA ORDONIO DIXON #172830 (CA)
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5654
Fax No. (415) 625-5657
Linda.Ordonio-Dixon@eeoc.gov

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | **Case No.  CV 11-03190 PSG** |
| **Plaintiff,** | **CONSENT DECREE** |
| **v.** | |
| **GUARDSMARK, LLC,** | |
| **Defendant.** | |

## I.      INTRODUCTION

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission") commenced this action on June 28, 2011, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, *et seq*. ("Title VII") and the Age Discrimination in Employment Act of 1967, as amended ("ADEA").  The Commission's action was brought to correct alleged unlawful practices on the basis of national origin, age and retaliation.

The EEOC and Defendant Guardsmark LLC, want to conclude fully and finally all claims arising out of this action in order to reach an amicable resolution of this matter and to avoid expenditure of further resources and expenses in contested litigation.

/ / /

1  **II.   NON-ADMISSION OF LIABILITY**

2          This consent decree is not an adjudication or finding on the merits of this case and shall not

3  be construed as an admission of a violation of Title VII and/or the ADEA by Defendant

4  Guardsmark.  This Consent Decree does not affect any administrative charges of discrimination that

5  may be pending with the Commission other than those mentioned expressly herein or any cases

6  pending in court other than the instant lawsuit.

7          The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record

8  herein, and the applicable law, and now approves the Consent Decree in its entirety.

9          Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

10  **III.   GENERAL PROVISIONS**

11         A.      This Court has jurisdiction over the subject matter and the parties to this action.

12         B.      This Consent Decree constitutes a full resolution of the Commission's Complaint and

13  First Amended Complaint in Case No. **CV-03190 PSG** and the charge of discrimination filed with

14  the Commission by Inderpal Nayyar alleging discrimination on the basis of national origin, age and

15  retaliation, Inderpal Nayyar v. Guardsmark, EEOC Charge #556-2008-00320.

16         C.      This Consent Decree shall become effective upon its entry by the Court.

17         D.      Each party shall bear its own costs and attorney fees.

18         E.      Defendant is prohibited from discriminating against its employees with respect to

19  terms and conditions of employment, including harassment, based on national origin and age.

20         F.      Defendant is prohibited from discriminating or retaliating against any person because

21  he or she (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII, (b) has

22  participated in any investigation conducted under Title VII connected with or leading up to this

23  lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result

24  of this Consent Decree.

25  **IV.   INDIVIDUAL RELIEF**

26         A.      Within fourteen (14) calendar days after this Consent Decree has been entered by the

27  Court, Guardsmark will pay Inderpal Nayyar the amount of $25,000.00 (Twenty Five Thousand

28  Dollars and No Cents).  The payment will be made by check to "Inderpal Nayyar" and delivered to

Linda Ordonio Dixon, Senior Trial Attorney, Equal Employment Opportunity Commission, 350 The Embarcadero, Suite 500, San Francisco, California, 94105. Guardsmark shall cause to be issued an IRS Form 1099-misc to Inderpal Nayyar for the monetary relief paid.

      B.    Guardsmark will not condition Inderpal Nayyar's receipt of monetary relief on his agreement to: (1) release and waive any claims or issues other than those raised in the Commission's complaints in this action or the charge of discrimination filed by Inderpal Nayyar giving rise to the Commission's complaint; (2) waive his statutory right to file a charge with any federal or state anti-discrimination agency; or (3) waive his right to apply for a position with Guardsmark.

## V.    EQUAL EMPLOYMENT OPPORTUNITY AND DISCRIMINATION POLICIES

      A.    Guardsmark will reaffirm its anti-discrimination policies to its employees working in or from the San Jose office. The reaffirmation will include 1) providing copies of Guardsmark's anti-discrimination policies to each employee and 2) a verbal statement of the company's commitment to enforcing the anti-discrimination policies to be made at a staff meeting, or other gathering of employees, by the highest ranking employee at the San Jose location.

      B.    If Guardsmark revises its anti-discrimination policies at any time during the term of this decree, it will mail a copy of the revised policy to the EEOC within thirty (30) days of its adoption.

## VI.    TRAINING

      A.    Within ninety (90) days of entry of this Decree, Guardsmark shall provide anti-discrimination training in its San Jose, California location according to the following terms:

          1.    All managers which who directly supervise employees at Guardsmark's San Jose office will receive training which includes the following topics:

               a.    National Origin Discrimination

               b.    Age Discrimination

               c.    Retaliation

               d.    Response /Handling of Discriminatory Preferences of Clients

          2.    The duration of the training will be two hours and will be conducted by a labor specialist experienced and familiar with the provisions of Title VII and the ADEA.

3.      All employees (supervisory and non-supervisory) who work at or through the San Jose office, will receive anti-discrimination training including 1) explanations, descriptions and examples of prohibited discrimination based on national origin, age and retaliation, 2) an explanation that the discriminatory practices of a client should be reported to management, and, 3) an explanation of the penalties which may be given if an employee engages in discriminatory behavior.

4.      Guardsmark will require all attendees to sign and date an attendance form. Guardsmark will repeat the foregoing training annually for the duration of this Consent Decree.

**VII.   NOTICE**

Guardsmark shall post conspicuously at the San Jose office, the Notice attached to this Decree as Exhibit A, for the duration of this Decree, commencing within ten days after entry of this Decree by the Court.  Should the Notice become defaced, marred, or otherwise made unreadable, Guardsmark will ensure that new readable copies of the Notice are posted in the same manner as specified herein.

**VIII.   REPORTING REQUIREMENTS**

A.      Guardsmark will provide three reports to the Commission during the term of the Decree. Guardsmark will submit the first report six months after entry of the Decree and the second report 12 months after entry of the Decree, and the final report two months before the expiration of the Decree.  Each report will describe all complaints based on discrimination at the San Jose office including the nature of the complaint, the name of the complaining employee, the date of the complaint, a description of the response to the complaint by the company and its resolution.

B.      Within sixty (60) days of entry of this Decree, Guardsmark will send the EEOC certification that the Notice required by paragraph VII, above, has been posted.

C.      Within thirty (30) days of completion of the training required by paragraph VI, above, Guardsmark will send a report to the Commission describing the training of supervisors, managers and hourly employees on discrimination prohibited by Title VII and the ADEA. Guardsmark will submit to the Commission copies of the training attendance forms required by paragraph VI(4), above.

D.      All submissions required under the "Reporting Requirements" provisions of this

1  Decree shall be sent to Linda Ordonio Dixon, Senior Trial Attorney, EEOC San Francisco District

2  Office, 350 The Embarcadero, Suite 500, 94105.

3  **IX.    RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE**

4         This Consent Decree shall terminate two (2) years from the date of entry by the court unless

5  the Commission petitions this court for an extension of the Decree because of noncompliance by

6  Guardsmark. If the Commission determines that Guardsmark has not complied with the Consent

7  Decree, the Commission will provide written notification of the alleged breach to Guardsmark and

8  will not petition the court for enforcement sooner than thirty (30) days after providing written

9  notification.  The thirty-day period following written notice shall be used by the parties for good

10  faith efforts to resolve the issue.  If the Commission petitions the court and the court finds

11  Guardsmark to be in substantial violation of the terms of the Decree, the court may extend the

12  duration this Consent Decree.

13         This Court shall retain jurisdiction over this action for the purposes of enforcing the

14  provisions of this Consent Decree.

15  On behalf of Plaintiff EEOC                    On behalf of Defendant Guardsmark, LLC

16  Date:  May 11, 2012                            Date:   May 11, 2012

17  U.S. EQUAL EMPLOYMENT                          MUNGER, TOLLES & OLSON LLP
   OPPORTUNITY COMMISSION
18

19   */s/ William R. Tamayo*                        */s/ Alan V. Friedman*
   William R. Tamayo, Regional Attorney          Alan V. Friedman

20   */s/ Johnathan T. Peck*                        *Attorneys for Defendant*
   Jonathan T. Peck, Supervisory Trial Attorney
21

22   */s/ Linda Ordonio-Dixon*
   Linda Ordonio-Dixon, Senior Trial Attorney
23  *Attorneys for Plaintiff*

24

25

26         E-filing Certification:  I Jonathan T. Peck, counsel for EEOC, certify that I have obtained the

27  concurrence of Alan V. Friedman, counsel for Defendant Guardsmark, LLC for filing of this

28  Consent Decree.

1

**<u>ORDER</u>**

2

3    Dated:''"O c{ '3: ."4234

4    HON. PAUL S. GREWAL
     U.S. District Court Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE TO ALL EMPLOYEES AT THE SAN JOSE OFFICE

1.      This Notice to all employees of GUARDSMARK LLC at its San Jose, California location is being posted as part of the remedy agreed to between Guardsmark and the United States Equal Employment Opportunity Commission in settlement of a complaint that Guardsmark discriminated against an employee based on national origin, age and in retaliation for making a complaint of discrimination. Guardsmark has agreed to reaffirm that its policies against such discrimination will be followed; has agreed to provide additional training on anti-discrimination issues; and has agreed to pay monetary damages to the complaining employee.

2.      Federal law requires an employer to maintain a workplace free from discrimination based on religion, as well as race, sex (gender), color, national origin, age (40 or older), or disability with respect to terms and conditions of employment. It is a violation of Title VII of the Civil Rights Act, 42 U.S.C. §2000e, et seq., to harass an employee based on his national origin.  It is a violation of the Age Discrimination in Employment Act 29 U.S.C. §626(b) to harass an employee based on this age (over 40).  Both statutes prohibit retaliation for raising a complaint of discrimination.

3.      Guardsmark does not tolerate or condone discrimination based on national origin or age regarding any employee or applicant for employment. Discrimination based on national origin and/or age is a violation of company policy as well as federal law. Guardsmark policies also prohibit retaliation against an employee who complains about discrimination.  Violation of company policy by anyone employed by Guardsmark will result in disciplinary action up to and including termination.

4.      The posting of this Notice by Guardsmark does not constitute an admission by Guardsmark of any liability under Federal law.

5.      This notice must remain posted for two years from the date below and must not be altered, defaced, or covered by any other materials. Any questions about this Notice of compliance with its terms may be directed to Gareth Leviton, Vice President and General Counsel, Guardsmark, LLC, 22 South Second Street, Memphis, TN 38103-2695.

6.      If you believe you have been discriminated against, you have the right to seek assistance from:

U.S. Equal Employment Opportunity Commission
San Jose Local Office
96 N. Third Street, Suite 200, San Jose, CA 95112
Telephone: (408) 291-7282
Website: www.eeoc.gov


**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**